## H. Albert Lewis v. The County of Cook.

1.  FEES AND SALARIES—*Judges of Election.*—The judges of election in Chicago are entitled under the law to the sum of three dollars per day for their services in attending each election.

2.  STATUTES—*Repeals by Implication.*—Repeals by implication are not favored.  If two statutes are seemingly repugnant, it is the duty of the court to so construe them that the latter shall not repeal the former by implication, and if a construction can reasonably be given by which both acts will stand it will be adopted.  The repugnance between statutes must be so clear and plain that they can not be reconciled, to justify a resort to the doctrine of repeal by implication.

3.  SAME—*Repeals—General and Special Laws.*—A general law will not be held to repeal by implication a former special law, even when both relate to the same subject-matter.

4.  SAME—*Section 2 of Article 7 of the Act of 1885 Not Repealed.*—Section 2 of article 7 of the act approved June 19, 1885, providing that judges of elections shall be allowed and paid at the rate of $3 per day is not repealed, so far as it relates to the compensation of judges of elections in the city of Chicago, by the amendatory act of 1895, entitled " An act to amend section 63 of an act entitled, 'An act in regard to elections and to provide for filling vacancies in elective offices,' approved April 1, 1872."

Assumpsit, for official fees, etc.  Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.  Heard in this court at the October term, 1897.  Affirmed.  Opinion filed November 2, 1897.

Julius A. Johnson, attorney for appellant; H. Albert Lewis, *pro se.*

If a statute is valid it is to have effect according to the purpose and intent of the law maker. The intent is the vital part, the essence of the law. Sutherland on Satutory Construction, Par. 234.

A statute must be interpreted according to its true intent and purpose and its strict letter must be made to yield to its obvious intent. Words, meaningless or inconsistent with intent, otherwise plainly expressed in an act, may be rejected as surplus. People v. English, 139 Ill. 622.

In the construction of a statute courts are not confined to the words used, but they regard the purpose, and when necessary to give effect to the meaning of the law, words may be rejected and others substituted. Peoria & P. U. Ry. Co. v. People, 144 Ill. 458; People v. Hoffman, 97 Ill. 234; Anderson v. Chicago, B. & Q. R. R. Co., 117 Ill. 26.

Robert S. Iles, county attorney, attorney for appellee; Frank L. Shepard, assistant county attorney, of counsel.

Mr. Presiding Justice Adams delivered the opinion of the Court.

The appellant, H. Albert Lewis, was a judge of election in Chicago, Cook county, in 1896, and as such served four days, for which he was paid at the rate of three dollars per day, or in all twelve dollars. He claims that, legally, he should have been paid at the rate of five dollars per day, or twenty dollars, and brought suit to recover the difference of $8.

The general law of this State regarding elections is entitled, "An act in regard to elections, and to provide for filling vacancies in elective offices," approved April 3, 1872, in force July 1, 1872. Revised Stat. 1885, p. 536. Section 63 of this law is as follows:

"The judges and clerks of election shall be allowed the sum of $3 each per day for their services in attending each election, and the judge who carries the returns to the county clerk shall also receive five cents per mile each way."

In 1885 an act was passed entitled "An act regarding the holding of elections and declaring the result thereof in cities, villages and incorporated towns of this State," approved June 19, 1885, and in force July 1, 1885, Sec. 2 of Art. 7 of which is as follows:

"All judges and clerks of election and official ticket holders, *under this act,* shall be allowed and paid at the rate of $3 per day." Rev. Stat. 1895, p. 584.

Section 1 of the act provides that the electors of any city may adopt it in the manner prescribed by the act, and it is admitted by counsel for the parties that it was adopted by the city of Chicago and in force in said city prior to 1896.

In 1895 the legislature passed an act entitled "An act to amend section 63 of an act entitled 'An act in regard to elections and to provide for filling vacancies in elective offices,' approved April 1, 1872, in force July 1, 1872," which provides that section 63 of the act of 1872 shall be amended so as to read as follows:

" Section 63.   All judges and clerks of election in counties of the first and second class shall be allowed the sum of three (3) dollars per day for their services, and judges and clerks of election in counties of the third class the sum of five (5) dollars each per day for their services." L. 1895, p. 173;  2 S. & C. Stat., p. 1652.   Appellee is a county of the third class.

Appellant's counsel contends that Sec. 2 of Art. 7 of the act of 1885 is repealed, in so far as it relates to the compensation of judges in the city of Chicago, by the amendatory act of 1895, above mentioned.   If so repealed it must be by necessary implication, because the act of 1895 does not refer to section 2, but purports only to be an amendatory act of section 63 of the act of 1872.   All that the act of 1895 purports to do, is to substitute in the act of 1872 the section numbered 63 in the act of 1895, for the section of the same number in the act of 1872.   But if the view of appellant's counsel is sound, the effect of the act of 1895 was much more than is expressed.   In his view the act of

1895 is to be construed as operating, practically, as an amendment of Sec. 2, Art. 7, of the act of 1885. That section, as originally passed, is as follows: "All judges and clerks of election and official ticket holders, under this act, shall be allowed and paid at the rate of three dollars per day;" but if the position of appellant's counsel be sound, the section must now be read as follows: "All judges and clerks of election, under this act, in cities, villages and incorporated towns, in counties of the first and second class, shall be allowed each the sum of three dollars per day for their services, and judges and clerks of election in cities, villages and towns, in counties of the third class, shall be allowed each the sum of five dollars per day for their services, and all official ticket holders, under this act, shall be allowed each three dollars per day for their services." It will be observed that official ticket holders are not mentioned in the act of 1895. Repeals by implication are not favored.

If statutes are seemingly repugnant, it is the duty of courts to so construe them that the latter shall not repeal the former by implication, and if a construction can reasonably be given by which both acts will stand, it will be adopted. The repugnance between statutes must be so clear and plain that they can not be reconciled, to justify a resort to the doctrine of repeal by implication. The authorities in support of these propositions are too numerous for citation. The following are cited: Town of Ottawa v. County of La Salle, 12 Ill. 339; Board of Supervisors v. Campbell, 42 Ib. 490; City of Chicago v. Quimby, 38 Ib. 274; Hume v. Gossett, 43 Ib. 297; People ex rel., etc., v. Barr, 44 Ib. 198; Village of Hyde Park v. Oakwoods Cemetery Ass'n, 119 Ill. 141; Butz v. Kerr, 123 Ib. 659; Trausch v. Cook County, 147 Ib. 534.

Assuming, merely for the purpose of discussion, that the amendatory act of 1895 and Sec. 2, Art. 7, of the act of 1885, relate to the same subject-matter, are they so repugnant that they can not be reconciled—that both can not stand? It is manifest that section 2 might have effect in the city, and section 63 of the act of 1872, as amended,

might have effect in that part of the county outside the territorial limits of the city.

In Village of Hyde Park v. Cemetery Association, *supra*, it appeared that the Cemetery Association was incorporated in 1853, and was empowered by its charter to acquire land for a cemetery, etc.; that in 1864 it acquired land for that purpose in the town of Hyde Park, and that in 1867 an act was passed amendatory of its charter, which provided that no road, street, alley or thoroughfare should be laid out or opened through the land, or any part thereof, of the association, without its consent. Subsequently, and in 1872, the " Act for the incorporation of cities and villages " was passed and took effect, and the village of Hyde Park, formerly the town of Hyde Park, became incorporated under that act.

By the act of 1872, cities, villages and towns were empowered " to lay out, open, alter, widen, extend, grade, pave, or otherwise improve streets, alleys, avenues, side walks, wharves, parks and public grounds and vacate the same." It is hardly necessary to say that the powers mentioned were, as a general rule, co-extensive with the territorial limits of the municipality. The village attempted to open a street through the land, claiming that the act of 1872 operated to repeal by implication the provision in the act amendatory of the Cemetery Association's charter, prohibiting such opening, but the court decided otherwise, saying, among other things, " The two acts may stand together. Under the general law, all roads and streets in the village are under its control, except the lands of the association, and as to those lands the association has exclusive control." Ib. 148.

It is a familiar rule that a general law will not be held to repeal by implication a former special law, even when both relate to the same subject-matter. Town of Ottawa v. County of La Salle, *supra;* Gunnarssohn v. City of Sterling, 92 Ill. 569; Butz et al. v. Kerr, *supra.*

Sedgwick says in reference to this rule, " The reason and philosophy of the rule is, that when the mind of the legislator has been turned to the details of a subject, and he has

acted upon it, a subsequent statute in general terms, or treating the subject in a general manner and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive provisions, unless it is absolutely necessary to give the latter act such construction, in order that its words shall have any effect whatever." Sedgwick on Stat., etc., Construction, 2d Ed., 97–8.

The act of 1885 is not special within the meaning of the constitutional prohibition of special legislation, but it is special in the sense that it applies only to such municipalities as may adopt it; in other words, it applies only to a class. The act in relation to miners, S. & C. Stat., Ch. 93, is a general law, in that it is not within the constitutional inhibition of special legislation; but it applies only to a class, viz., persons employed in coal mines, and the court, comparing it with another act which it was claimed had partially repealed it, said it might " be regarded as special." Litchfield Coal Co. v. Taylor, 81 Ill. 590.

Suppose section 2 of article 7 of the act of 1885 to be amended in the most general terms as to the compensation of judges and clerks of election, the title of the amendatory act being limited to the subject embraced in it, could it be reasonably contended that such amendment affected, in the least, section 63 of the act of 1872? Clearly not, because the act of 1885 is, by its terms, limited in its operation to municipalities. The same reasoning applies to the act of 1872, because the act of 1885 also excludes from operation, in municipalities adopting it, the act of 1872, and so limits the operation of the latter act to territory outside of such municipalities.

No case has been cited, or is known to the court, in which an act limited by its title to the amendment of a section of a prior law, and purporting only to amend such section, was held to repeal by implication, or in any way affect any law other than that purported to be amended.

If the act of 1895 had decreased instead of increasing the compensation of judges and clerks of election in counties of the third class, no one would have been heard to contend

that it repealed by implication section 2 of article 7 of the act of 1885.

Section 15, article 1 of the act of 1885, is as follows:

" After and from the time of the adoption of this act, as aforesaid, the provisions of the same shall be applicable to such cities, villages or towns, and all laws in conflict therewith shall no longer be applicable to such cities, villages or towns. But all laws or parts of laws not inconsistent with the provisions of this act shall continue in force and be applicable to any such city, village or town, the same as if this act had not been adopted." · This provision as to the applicability or non-applicability of other laws, of course had reference only to laws in force at the time of the adoption of the act by any municipality, but it evidences the intention of the legislature, at the time of the passage of the act, that the act should be, as nearly as possible, the exclusive law in regard to elections in such cities as might adopt it, and it should be very clear that there has been a change in such legislative intention to warrant the court in so holding. The last sentence of the section quoted was probably inserted out of abundant caution, lest there might be some material omission in the law, which could be cured or supplied by reference to another law. The act of 1885 seems complete in its provisions in relation to its subject-matter, without reference to any other law, and our attention has not been called to any material omission in it.

If another section had been added to the act of 1895, its title remaining the same, expressly repealing so much of section 2, article 7, of the act of 1885, as relates to the compensation of judges and clerks of election; it would be a serious question whether such additional section would not be void, as contravening the constitutional provision that no act shall embrace more than one subject, and that shall be embraced in its title. In such case it could be urged with not a little force, that section 2 relates solely to the compensation of judges and clerks of election appointed and acting under the act of 1885, and that both the original and amended section 63 relate only to the compensation of

judges and clerks of election appointed and acting under the act of 1872, and so the subjects are different. See Dolese et al. v. Pierce, 124 Ill. 140; People v. Institute of P. D., 71 Ib. 229; Taylor v. Kirby, 31 Ill. App. 658.

Judgment affirmed.