STATE OF INDIANA, EX REL. DEARBEYNE *v*. GREENWALD, JUDGE.

[No. 23,232. Filed June 1, 1917.]

1. STATUTES.—*Validity.*—*Title.*—*Constitution.*—The act of 1917, Acts 1917 pp. 34, 36, entitled "an act to amend section seven (7) of an act entitled 'An Act concerning the Lake Superior Court, and declaring an emergency' approved February 22, 1911, and providing for a clerk of said court and declaring an emergency," is not unconstitutional as embracing more than one subject contrary to Art. 4, §19, of the Constitution, providing that every act shall embrace but one subject and matters properly connected therewith, which subject shall be embraced in the title, as the one subject of the act is an amendment making provision for sessions of such court, the provision for a clerk being a matter properly connected with and incidental to the organization of the court. p. 325.

State, ex rel. v. Greenwald—186 Ind. 321.

2. STATUTES.—Validity.—Local and Special Laws.—Constitution.
—Statute.—The act of 1911, Acts 1911 pp. 34, 36, §1520g Burns
1914, providing for two additional judges of the Lake Superior
Court and that the judge of room No. 3 shall divide its terms
equally between two cities, does not violate Art. 4, §22, of the
Constitution, declaring that the general assembly shall not pass
local or special laws regulating the practice in the courts of
justice, as the act does not purport to regulate practice.    pp.
325, 326.

3. STATUTES.—Practice Act.—Scope.—The Code, relating to pro-
cedure in civil causes, embraces not only practice in courts, but
also regulation of the conduct of the court itself.    p. 325.

4. STATUTES.—Validity.—Local and Special Laws.—Constitution.
—Statute.—The act of 1911, Acts 1911 pp. 34, 36, §§1520a, 1520g
Burns 1914, relating to the organization of the Lake Superior
Court, does not violate Art. 4, §23, of the Constitution, provid-
ing that in all cases where a general law can be made applic-
able, all laws shall be general and of uniform operation through-
out the State, since a law of general and uniform operation
throughout the State cannot be made applicable to the subject-
matter of such act, as the legislature, in its exclusive province,
declared by its enactment.    p. 326.

5. COURTS.—Distribution of Powers of County Court.—Powers
of Legislature.—The legislature had the power to so distribute,
as it endeavored to do by the act of 1911, Acts 1911 pp. 34, 36,
§§1520a, 1520g Burns 1914, the superior court of Lake county
as to accommodate the population thereof, and to make special
provision as to the terms "general" and "special" of such court
within the bounds of the county, and could repeal, wholly or in
part, expressly or impliedly, any general law interfering with
that purpose.    p. 327.

6. STATUTES.—Enactments on Same Subject.—Construction and
Operation.—Constitution.—The enactment of a law specifically
and fully covering the same subject-matter that is covered or
embraced in a general law, or any part thereof, creates an
exception to the general law, and operates to suspend or repeal
to the extent of conflict between the two, and the later law has
such an effect unhampered by Art. 4, §21, of the Constitution,
prohibiting the revision or amendment of any act by mere
reference to its title and requiring that the act revised, or sec-
tion amended, shall be set forth and published at full length,
since in such case the later action by the legislature is not
within the definition of an amendment.    p. 327.

7. STATUTES.—Validity.—Amendments.—Constitution.—The act
of 1911, Acts 1911 pp. 34, 36, §§1520a, 1520g Burns 1914, relating
to the superior court of Lake county, is specific and clear and a

valid local and special law, complete within itself, and, although §7 excludes such court from the operation of §1477 Burns 1914, §1356 R. S. 1881, concerning the powers of judges of superior courts in calling and holding general and special terms of court, such provision is not an attempt to amend §1477, and is not invalid as violating Art. 4, §21, of the Constitution, declaring that no act shall be revised or amended by mere reference to its title, but the act revised or sections amended shall be set forth and published at full length, and the act of 1917, Acts 1917 pp. 34, 36, amending §7 of the act of 1911 is, therefore, valid as against the objection that it is an attempt to amend an invalid section of a statute, p. 329.

Original action in the Supreme Court by the State of Indiana, on the relation of Arden Dearbeyne, against Charles E. Greenwald, as judge of room No. 3 of the Lake Superior Court, for a writ of mandate, and defendant demurs to the petition. *Demurrer sustained.*

*Henry F. MacCracken, Oliver Starr* and *Kenneth Call,* for relator.

*John O. Bower, Cassius M. Greenlee, Claude V. Ridgely* and *Ora L. Wildermuth,* for defendant.

PER CURIAM.—An original petition is filed in this court for an order requiring Charles E. Greenwald, as judge of room No. 3 of the Lake Superior Court to hold the sessions of said court in the city of Hammond. The petition alleges, in substance, that said judge has declared an intention to hold, and has arranged for holding, sessions of said court at Gary, in said county, and has refused to hold said sessions in Hammond, in said county. No question is here raised as to the right of relator to so petition, or of the power of this court to entertain said petition, and to make such order thereon as is found proper. The present question is upon demurrer to the petition for want of facts.

A brief recital of the history of the superior court of said county will tend to an understanding of the matters presented. The superior court of Lake, Porter and LaPorte counties was established by virtue of an

act of the legislature of 1895 (Acts 1895 p. 210, §1519 Burns 1914), ratified in 1897 (Acts 1897 p. 236). This act provided that said court should hold its sessions for each respective county of the three named in the city or town of 4,000 or more inhabitants therein other than the county seat. This designated Hammond, in Lake county, as the seat of said court in said county. By the act of 1907 (Acts 1907 p. 170, §1520 Burns 1914), the Lake Superior Court was separated from the superior courts of the other two counties. This act named specifically the terms of the Lake Superior Court, and directed that they be held in the city of Hammond. By the act of 1911 (Acts 1911 pp. 34, 36, §§1520a-1520g Burns 1914), provision was made for two additional superior judges of the Lake Superior Court, and that said court should consist of rooms Nos. 1, 2 and 3; that each of the judges of said court should be elected and known as the judge of a designated one of said rooms; but the said act also provided that the judge of the said room No. 3 should hold one-half of its terms in the city of Hammond and one-half of its terms in the town of Crown Point, in Lake county, naming the time for beginning and the length of each term in each of said places. By the act of 1917, (Acts 1917 pp. 34, 36), which act is here involved, provision was made that the terms of the court should be held as provided by law, except that the judge of said room No. 3 (defendant herein) should hold the sessions of said court in the city of Gary; and the act named specifically the time for the beginning of the terms to be so held and the length thereof, and it is by virtue of this act that defendant asserts it to be his duty as judge of room No. 3 to hold the sessions of said court at Gary.

The question here presented is as to the validity of the said act of 1917. By the petition it is asserted that

§7 of the act of 1911, *supra*, was invalid, and that the act of 1917, because it attempts to amend the alleged invalid §7, is, for that reason, also invalid. The claim is that §7 is in conflict with Art. 4, §§19, 21, 22 and 23, of the State Constitution.

The act of 1917 is not unconstitutional as embracing more than one subject contrary to said §19. The title of the act is "An Act to amend section seven (7) of an Act entitled 'An Act concerning the Lake Superior Court, and declaring an emergency,' approved February 22, 1911, and providing for a clerk of said court and declaring an emergency." The one subject of the act is an amendment making provision for sessions of said court in Gary. The other so-called subject is a provision for a clerk of the court at Gary. It will be noted that the act provides that the clerk of the Lake Circuit Court shall be ex-officio clerk of the Lake Superior Court; by this nothing is added. Substantially, this provision was made in the act creating the court, and the later acts separating said court from Porter and LaPorte counties, and adding two judges. A court without a clerk, and without provision for the performance of the clerk's duties as to the records of the court, is not organized for the transaction of business. Provision for a clerk is not only a matter properly connected with and incidental to the organization of the court but is absolutely essential.

That portion of the act of 1911, *supra*, which it is asserted is invalid, does not purport to regulate practice. It relates to §395 of "An Act concerning proceedings in civil cases." Though this act, the Code, is commonly designated as the "Practice Act," it is more. It covers procedure, and procedure not only embraces practice in courts, but regulation of the conduct of the court itself wherein such practice takes place. The distinction be-

tween procedure and practice is well illustrated by §395 of the Code, it being §1477 Burns 1914, §1356 R. S. 1881, which relates exclusively to the powers of judges in calling and holding general and special terms of the court, and does not in any word, or by any

2.  fair inference, cover practice in court at any of said terms.  Sections 396, 397 and 398, being §§1478, 1479 and 1480 Burns 1914, §§1357-1359 R. S. 1881, are like illustrations.  The act, therefore, does not violate §22.

Nor can we agree with counsel that the act of 1911, *supra,* violates §23 of Art. 4, *supra.*  A law "general and of uniform operation throughout the state"

4.  cannot be made applicable to said subject-matter.

By this enactment the legislature has so declared, as was its exclusive province.  The application of this construction and rule has been so continuous and uniform in the creation of courts, the fixing of their terms and powers, that authority therefor need not here be cited.

There remains but one other point made as to the validity of the law of 1911, to wit, that it violates §21, Art. 4, of the Constitution, prohibiting the revision or amendment of any act by mere reference to its title, and requiring that the act revised, or the section amended, shall be set forth and published at full length. If the act of 1911, *supra,* is an attempt to amend §395 of the Code, *supra,* the attempt must fail when measured by the requirements of the Constitution.  If it is not such an attempt, then the act is valid as to this point. If the act of 1911 can fairly and reasonably be held to be an act complete in itself, then the rules as to amendment do not apply, though it has the effect of repealing, or modifying, or curtailing the operation of the section referred to.  2 Lewis' Southerland, Stat. Construction (2d ed.) §§239, 275.  *Dahnke* v. *People* (1897), 168

State, ex rel. *v.* Greenwald—186 Ind. 321.

Ill. 102, 48 N. E.. 137, 39 L. R. A. 197. The legislature, as it had the power to do, endeavored by this act to so distribute the superior court of Lake county as to accommodate the large population thereof resident in its several cities, and make special provision as to the terms "general" and "special" of the superior court within the bounds of the county. The legislature had power to repeal, wholly or in part, expressly or impliedly, any general law interfering with this purpose. The enactment of a law specifically and fully covering the same subject-matter that is covered or embraced in a general law, or any part of a general law, creates an exception to the general law, and operates to suspend or repeal to the extent of conflict between the two, and the later law has such an effect unhampered by the constitutional provision mentioned. Such action by the legislature is not within the definition of the amendment. It is true that the general law, so far as its territorial operation is concerned, is by a local law otherwise valid, limited, modified and in a sense changed, but this results rather from the fact that as the two cannot operate at the same time, specific expression controls to the extent of its terms.

Every law enacted relating to the Lake Superior Court prescribed its special terms. By the law of 1911, *supra,* there were for the first time in Lake county three subdivisions of said court, each presided over by a separate judge, and each empowered to hold regular terms, as distinguished from adjourned terms, or terms called for extraordinary purposes or occasions; there being three such courts, it was proper that joint sessions be held for the purpose of distributing or redistributing causes filed in said court, for the making of rules and many other purposes, and the legislature

made specific provision for all such matters by the various sections of the law of 1911, notwithstanding all such matters were covered by other sections of the general Code than §395, *supra.* No question is here made as to the validity of such other specific provisions of the act of 1911, though they, to some extent, do not correspond to the Code.

When the Code was adopted the legislature provided therein, not only for general terms and special terms—meaning by the expression, "general terms" those presided over by a majority of all the judges, whereat each judge had power and authority equal to that of each other judge, and by the expression "special terms," meaning the regular terms of each subdivision, presided over by the judge thereof, in whose name alone the record is made, though one or more of the judges sit in an advisory capacity—but the legislature in adopting the Code deemed it wise to avoid uncertainty as to whether a special term could be legally held by one judge at the same time that a general term was being held by a majority of the judges and, to avoid uncertainty as to whether action in general term by less than all the judges would be legal, therefore provided in §395, *supra,* that: "When any superior court consists of more than one judge, there shall be held general and special terms thereof. A general term of such court may be held by a majority of the judges, and a special term by any one or more of them; and general and special terms, or one or more of them, may be held at the same time, as the judges of the court may direct; and whenever such term or terms are held, they shall be taken and deemed to have been held by the authority and direction of the judges."

The session of 1911 determined that such matters were not applicable to the superior court of Lake

county, and as effectively excepted said court
7. from the operation of said section as would have
been done had the legislature, in the act of 1911,
*supra,* declared that general and special terms should
not be held at the same time, and that a sitting of all
the judges was necessary to constitute a general term.

Whatever the reasons operating to call for the enactment of 1911, *supra,* it is specific and clear, and a valid local and special law, complete in itself when read with the other sections thereof, and the provision therein that §395 of the Code shall not apply is equivalent to a declaration which might have been in the act itself that special and general terms should not be held at the same time, and that all judges should sit in general term. Furthermore, we see no more impropriety in excluding from operation a general law by the terms of a specific statute than there is in the inclusion in the specific statute, by reference to other statutes, many provisions which relate expressly to the circuit court, thus defining the powers of the superior court, and the duties of its clerk and sheriff.

We hold that the act of 1911, *supra,* was valid, and therefore a proper basis for amendment; and that the act of 1917 amending the same is valid. The demurrer to the petition herein should be sustained, and it is so ordered.

NOTE.—Reported in 116 N. E. 296. Statutes: (a) construction of constitutional provisions relative to titles, 1 Ann. Cas. 584, Ann. Cas. 1915 A 79, 64 Am. St. 70; (b) province of legislature to determine whether a special law is necessary in a given case, 6 Ann. Cas. 926, 36 Cyc 991. See under (5) 11 Cyc 711; (6) 36 Cyc 1063.