STATE EX REL. BLIEDEN v. GLEASON

[No. 28,140.  Filed March 2, 1946.]

*Alvin D. Blieden* and *Theron F. Miller,* both of Michigan City, for relator.

*James P. Gleason* and *Thomas C. Mullen,* both of Michigan City, for respondent.

O'MALLEY, J.—The question involved in this case depends on the constitutionality of an Act of 1909, ch. 188,

p. 454, which is entitled "An Act concerning municipal corporations and to amend sections 42, 43, 45, 54, 82, 87, 91, 92 and 93 of an act entitled 'An Act concerning municipal corporations,' approved March 6, 1905." The Act of 1905, ch. 129, p. 219, which was so amended in 1909, contains 272 sections which relate exclusively to the operation of the various functions of municipal governments. Section 45 of this act concerns vacancies in elective offices. It empowers the mayor to fill any vacancy excepting that of mayor or councilman. Section two of the 1909 Act is likewise confined to the subject of vacancies in elective offices, and empowers the mayor to fill vacancies in any office excepting that of mayor, city judge or councilman. The exception was thus increased to include three offices.

In the 1905 Act, §45 specifically provides for the filling of vacancies in the offices of mayor or councilman, the two offices named in the exception. In the 1909 Act there are provisions for the filling of vacancies in any of the three offices of mayor, city judge or councilman. It provides that any vacancy in the office of city judge shall be filled by the Governor of the State of Indiana. This change has the effect of removing the appointing power from the mayor, in case of a vacancy in the office of city judge, and conferring it on the Governor.

In 1945, a vacancy occurred in the office of City Judge of the City of Michigan City, Indiana. Shortly after the death which caused the vacancy, the mayor appointed appellee to the office and he immediately qualified and assumed the duties of the office. Thereafter the Governor of Indiana, having received an opinion from the Attorney General of Indiana, wherein it was stated that the appointing power to fill the vacancy was lodged in the Governor, appointed appellant to fill out the unex-

pired term of the former city judge who died while in office. The appellant thereupon furnished bond and attempted to qualify and assume the duties of the office, but his bond was rejected and the appellee refused to turn over the office to the appellant.

To test the right of appellee to the office in question the appellant filed this proceeding in *quo warranto* in the Circuit Court of LaPorte County. The third amended complaint in two paragraphs, on which the judgment depends, alleged the above facts together with other allegations to the effect that from 1909 to the present date all persons had recognized the 1909 Act as a valid governing act in all like situations.

The appellee demurred to the complaint, and the court having sustained the demurrer, the appellant refused to plead further and judgment was entered in favor of the appellee. Appeal was prayed, and the question which now confronts us is, does the Governor of the State of Indiana have the right and duty to fill such vacancy under the amendatory act of 1909, or is that act unconstitutional, thus leaving the 1905 act unamended?

The claim of the appellee is that the 1909 Act is violative of Sections 19 and 21 of Article 4 of the Constitution. It is claimed that the 1909 Act is drawn to amend §§42, 43, 45, 54, 82, 87, 91, 92 and 93 of the Act of 1905; that it does not pretend to amend §§80 (sixth subsection) and 218 of the Act of 1905; which are as follows:

"Sec. 80. It shall be the duty of the mayor: . . .

"Sixth. To fill by appointment vacancies for unexpired terms in the offices of such city, except in case of vacancy in the office of mayor or councilman, as in this act hereinbefore provided. . . .

"Sec. 218. In the case of a vacancy in the office of city judge, the mayor shall appoint a successor, who shall hold such office during the unexpired term."

Section 21, of Article 4 of the Constitution of Indiana prohibits the legislature from amending a statute by a mere reference to the title. Under this section it is made necessary that "the act revised, or section amended, shall be set forth and published at full length."

In the instant case this section of the Constitution was fully satisfied by the enactment. The title disclosed the intent of the legislature and the section amended was set out at full length. This has been held sufficient. *Taelman* v. *Bd. of Fin. of School City of South Bend* (1937), 212 Ind. 26, 6. N. E. (2d) 557.

Section 19, of Article 4 of the Constitution reads as follows:

"Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The title to this act covers but one general subject to-wit, municipal corporations. True, its also refers to §45 and other sections of the Act of 1905, but each section covers some subdivision of the general subject of municipal corporations. It is not indicated or pointed out in what way the title of the act refers to two subjects. We are unable to find any justification for the assertion that the Act of 1909 violates either of the §§ 19 or 21 of Article 4 of the Constitution.

It is stressed that there can be no amendment by implication and with this we agree. But it is admitted that there can be a repeal by implication and that is supported by the authorities. *State ex rel* v. *Montgomery Circuit Court* (1945), 223 Ind. 476, 62 N. E. (2d) 149; *Taelman* v. *Bd. of Fin. of School City of South Bend, supra.*

It is claimed by appellee that since the amending act did not refer to §§80 and 218 of the Act of 1905, it therefore does not disturb them and we must construe the amending act with the above mentioned two sections in such way as to make a complete and workable law. This is true if there is no irreconcilable conflict, but to so construe the amending act in the instant case would do violence to the express language of the act.

In the case of *Reed* v. *The State* (1859), 12 Ind. 641, this court was concerned with an amending act in two sections which amended §11 of the original act. The amending act was entitled "An act to amend section eleven of an act entitled 'An act to establish Courts of Common Pleas, and defining the jurisdiction and duties of, and providing compensation for the judges thereof,' approved May 14, 1852—so as to extend the jurisdiction of said Court in certain cases." Section 11 of the original act conferred and defined jurisdiction of that court in civil cases. In the amending act there were two sections, one which conferred and defined jurisdiction in civil cases, and the other which conferred criminal jurisdiction on that court. In the above opinion on p. 647 this court said:

> "We think, therefore, that, as before stated, the subject of the eleventh section of the old statute was in relation to the jurisdiction of the Court; and as the subject of the statute under consideration was an increase of the jurisdiction of that Court, the whole of said act upon that subject was properly included under the title set forth; and that the whole of the enactment, in that respect, is an amendment of that section, expressed, it is true, in a very inartificial, bungling, and awkward form, but conforming substantially to the constitutional requirement."

In the Reed case, *supra,* the claim was made that the statute under consideration embraced two subjects in

violation of the constitutional mandate. However, the court decided otherwise. It decided that the subject-matter of the general act and of the section of that act which was amended constituted but one subject-matter of jurisdiction. In *Draper* v. *Zebec* (1942), 219 Ind. 362, 37 N. E. (2d) 952, 38 N. E. (2d) 995, the opinion which denied a rehearing clearly covered our question. In commenting on the Reed case, *supra,* on p. 385, it was said:

> "In the discussion the court concerned itself only with the question of whether or not criminal jurisdiction came within the purview of section 11 of the original act. There would have been no concern with this question unless the amending act, having provided that its purpose was to amend section 11 only, must be limited in its operation to the purview of section 11."

On p. 387 of the opinion on rehearing in the Draper case it was plainly stated that the Reed case merited approval.

From these and other authorities it seems clear that if the subject-matter of the amending act is within the purview of the subject-matter of the section to be amended, the amendment is valid.

The original Act of 1905 was voluminous and covers 191 pages of the published acts of the legislature for that year. Section 45 of that act is entitled, "Vacancy in Elective Office." Section 80 is entitled, "Mayor—Powers and Duties." Section 218 is in that part of the act containing §§215 to 227 both inclusive which is entitled, "Judicial."

From the above it can readily be seen that the legislature rightfully went to that section of the act that was drawn on the subject of vacancies in elective offices and proceeded to change the power of appointment in case of a vacancy in the office of city judge.

If it were possible to so construe the three sections so that all would stand we would do so. But §80 gives to the mayor, the power and duty to fill all vacancies excepting that of mayor or councilman. Section 218 specifically, in case of a vacancy in the office of city judge, authorizes the mayor to appoint a successor. Section 2 of ch. 188 of the Act of 1909 just as specifically empowers the mayor to fill all vacancies in city elective offices excepting that of mayor, city judge or councilman and then authorizes and directs that any vacancy in the office of city judge shall be filled by an appointment from the Governor.

It is argued that the proviso in §45 of the 1905 Act and in the amendment in the 1909 Act can be so construed that the appointing power of the Governor will be exercised only in case there is an acting or appointed mayor. Such construction would recast the statute, and it is not the province of this court to read into a legislative enactment words or intent that are contrary to the expressed desire and intent of that body. See *State, ex rel.* v. *Greenwald* (1917), 186 Ind. 321, 116 N. E. 296.

The issue is the constitutionality of the act in question. In Sutherland's Statutory Construction (3rd ed.), Vol. 2, §3601, it is said:

". . . When the issue in litigation is the constitutionality of the act it is classified by its form and not by its effect; but for purposes of interpretation the effect of the act and not its form is controlling."

After a careful examination of the form of the act in question we are forced to the conclusion that it does not violate the prohibitions of the Constitution, and ch. 188 of the 1909 Acts being the later enactment of the legislature controls and supersedes the prior enactments on the same limited subject.

There being an irreconcilable conflict between the three sections, it is now held that §§80 and 218 of the Act of 1905, being ch. 129 thereof, are by implication repealed by the Acts of 1909, ch. 188 thereof, in so far as there is conflict in the appointing power to fill vacancies in the office of city judge. *Pitzer* v. *Ind. State Board* (1932), 94 Ind. App. 631, 177 N. E. 876.

The judgment of the LaPorte Circuit Court is reversed with instructions to overrule the demurrer to both paragraphs of complaint, and for further proceedings in conformity with this opinion.

Note—Reported in 65 N. E. (2d) 245.