239 Ind. 56 (1958)
154 N.E.2d 708
STATE OF INDIANA ET AL.
v.
LaRUE'S INC., ETC., ET AL.
No. 29,742.
Supreme Court of Indiana.
Filed December 16, 1958.
*58 Edwin K. Steers, Attorney General, for appellants.
Robert S. Smith, Richard W. Yarling and Smith & Yarling, of Indianapolis, for appellees.
EMMERT, J.
This is an appeal from a declaratory judgment entered on a special finding of facts and conclusions of law which adjudged that ch. 172 of the Acts of 1957, §§ 60-2201 to 60-2205, Burns' 1951 Replacement (Supp.), hereinafter referred to as the 1957 Act, did not amend, or repeal by implication or otherwise, § 5 of ch. 357 of the 1945 Acts, § 12-436, Burns' 1956 Replacement, hereinafter referred to as the 1945 Act. The errors assigned will be decided as they are discussed herein.
The material parts of the opening and closing time for the sale of alcoholic beverages, as set forth in the 1945 Acts, is as follows:
"Sec. 5. On Sundays, Memorial Day, on New Year's Day and on Christmas Day the sale of alcoholic beverages shall be unlawful from 12:01 o'clock in the morning, Central Standard Time, and from one o'clock in the morning, Central Standard Time, on New Year's Day, in the case of bona fide fraternal clubs and patriotic service clubs as such clubs are defined in Sub-section (c), Section *59 1, of Chapter 197 of the Acts of 1937, until seven (7:00) o'clock the next morning, Central Standard Time, and such sales shall be unlawful on primary election day and general election day from 12:01 o'clock in the morning, Central Standard Time, until the time the voting polls close in the evening of said day: Provided, however, the sale of alcoholic beverages shall wholly cease on all other days at midnight, Central Standard Time, and not be resumed before seven (7:00) o'clock the following morning, if not otherwise prohibited."
This is a specific provision of the statutes clearly providing that Central Standard Time shall now govern the permissible hours for the sale of alcoholic beverages. The 1957 Act is a subsequent general act on time. "... In the construction of statutes, specific provisions will prevail over general provisions with relation to the same subject-matter. And it is a rule of statutory construction that a general statute, without negative words, does not repeal the particular provisions of a former statute on a special subject to which the general language of the later act, if it stood alone, might be deemed to apply, unless the two statutes are irreconcilably inconsistent. Walter v. State (1886), 105 Ind. 589, 592, 5 N.E. 735; Kingan & Co. v. Ossam (1921), 190 Ind. 554, 557, 131 N.E. 81; Monical v. Heise (1911), 49 Ind. App. 302, 305, 94 N.E. 232." Straus Bros. Co. v. Fisher (1928), 200 Ind. 307, 316, 163 N.E. 225. "... The reason for such rule is clear. In passing the special act, the minds of the legislators were necessarily directed to the details of the special case, and it is not probable that they should intend, by a general act, to derogate from that which they have carefully supervised and regulated. Lewis v. Cook County (1897), 72 Ill. App. 151; 36 Cyc. 1088. (7) Where a particular intention is expressed in an act, which conflicts with a general intention expressed *60 in a later one, the particular intention shall be given effect, leaving the later act to operate only outside the scope of the former." Cleveland, etc., R. Co. v. Blind (1914), 182 Ind. 398, 423, 424, 105 N.E. 483. See also Morris, Auditor, v. The State, ex rel. Brown, Clerk (1884), 96 Ind. 597, 600.
The first section of ch. 172 in the 1957 Acts provided from the last Sunday in April of each year until the last Sunday of September the standard time of Indiana should be advanced one hour earlier than Central Standard Time, and the rest of the year the standard time should be "United States standard central time." The remainder of the section provides:
"... And in all laws, statutes, orders, decrees, rules and regulations relating to the time of performance of any act of any officer or department of this state, or of any county, township, city or town, municipal corporation, agency or instrumentality of the state, or school corporation, or relating to the time in which any rights shall accrue or determine, or within which any act shall or shall not be performed by any person subject to the jurisdiction of the state, and in all public schools and in all institutions of the state, or of any county, township, city or town, municipal corporation, agency or instrumentality of the state or school corporation, and in all contracts or choses in action made or to be performed in the state, it shall be understood and intended that the time shall be the time prescribed in this section." (Italics added.)
Section 5 of the Act is material to ascertaining the legislative intention, and it states:
"Sec. 5. Any officer or employee of any county, township, city or town, municipal corporation, agency or instrumentality of the state, or school corporation in this state who violates the provisions of this act shall be guilty of a misdemeanor, and upon conviction, shall be fined in any sum of not less than ten dollars nor more than one thousand *61 dollars, or shall be imprisoned for a term of not to exceed sixty days, or both."
The clause, "or within which any act shall or shall not be performed by any person subject to the jurisdiction of the state," if taken in a literal sense would be broad enough to include every man, woman and child within the territorial jurisdiction of the State. If "rules and regulations relating to the time ... within which any act shall or shall not be performed by any person subject to the jurisdiction of the state," should be employed in the broadest sense, the statute would be applicable to all the officers and employees of churches, religious orders, patriotic societies, non-tax-supported hospitals, labor unions, political parties, lodges, clubs, social fraternities and all corporations whether for profit or not for profit, as well as many other persons and members of firms or associations. When the well recognized rules of statutory construction are invoked, it is quite apparent this was not the legislative intention.
It is to be noted that the first part of the quoted section is limited to the "time of performance of any act of any officer or department...." Employees are not mentioned. "... The rule undoubtedly is that where words of specific and limited signification in a statute are followed by general words of more comprehensive import, the general words shall be construed as embracing only such persons, places and things as are of like kind or class to those designated by the specific words, unless a contrary intention is clearly shown by the statute. Miller v. State (1889), 121 Ind. 294; Nichols v. State (1891), 127 Ind. 406; State v. Sopher (1901), 157 Ind. 360; State ex rel. v. Board, etc. (1904), 162 Ind. 183; LaPorte Carriage Co. v. Sullender (1905), 165 Ind. 290; *62 State ex rel. v. Jackson (1907), 168 Ind. 384." Wiggins v. State (1909), 172 Ind. 78, 80, 87 N.E. 718. Innumerable cases have announced the same rule of construction, among which are Dowd, Warden v. Sullivan (1940), 217 Ind. 196, 201, 27 N.E.2d 82; Yarlott v. Brown (1923), 192 Ind. 648, 653, 138 N.E. 17; City of Jeffersonville v. Nagle (1921), 191 Ind. 70, 72, 132 N.E. 4.
We believe § 5 of the 1957 Acts clearly indicates that the words "any person subject to the jurisdiction of the state" of § 1 are limited to employees or agents of the public departments, corporations, agencies or instrumentalities of the State or its political subdivisions. Then penal provisions of § 5 cover both officers and employees of any county, township, city or town, municipal corporation, agency or instrumentality of the state or school corporation, but do not make it an offense for anyone else to fail to comply with any of the provisions of the 1957 Act. If the General Assembly had intended the words "any person subject to the jurisdiction of the state" should have the broadest possible meaning and not be limited to the agencies or instrumentalities of government before mentioned, it would have used broader language in this § 5 to make it a misdemeanor for any person to violate the provisions of the 1957 Act. There was no expressed intention that the 1957 Act should amend by implication the 1945 Act, and since the 1945 Act was a specific Act of limited application, the presumption is that it was not affected by the 1957 Act. Certainly, we should not hold the prior Act was repealed by implication, for if that were true there would be no Act at all governing the permissible time for the sale of alcoholic beverages. Under the well recognized rules of statutory construction, both Acts are valid and still *63 in force, and the central time specified in the 1945 Act still governs the time for the sale of alcoholic beverages. The construction placed upon the two Acts by the trial court was correct, and should be affirmed as to every party except the State of Indiana.
The appellees have contended that in no event could the 1957 Act by implication amend the 1945 Act, for to so hold would be in violation of the title provisions of our Constitution contained in § 21 of Article 4.[1] Limitations of time prevent an exhaustive analysis as to how this unorthodox constitutional doctrine came to be entertained by this court. In Wiley v. Wiley (1919), 75 Ind. App. 456, 472, 123 N.E. 252, the Appellate Court said:
"We dare not say that the former amends the latter, for a statute may not be amended by implication. § 21, Art. 4, Constitution of Indiana."
No authorities were cited for this dictum, and the prior decisions of this court had all been contra. But the statement from Wiley v. Wiley, supra, was followed in Taelman v. Board of Finance of School City of South Bend (1937), 212 Ind. 26, 34, 6 N.E.2d 557, and later on the same rule was announced in Northern Indiana Power Co. v. West, Administratrix (1941), 218 Ind. 321, 329, 330, 32 N.E.2d 713, and State ex rel. Blieden v. Gleason (1946), 224 Ind. 142, 146, 65 N.E.2d 245. The Appellate Court had also followed this anomalous rule in Taylor v. Phelan (1946), 117 Ind. App. 40, 45, 69 N.E.2d 145, and Lynch v. Terre Haute (1952), 123 Ind. App. 282, 287, 109 N.E.2d 437.
If a statute may be repealed by implication without *64 violating § 21 of Art. 4 of the Constitution, (O'Donnell v. Krneta (1958), 238 Ind. 582, 154 N.E.2d 45), there is no reason why a section of an Act may not be amended by implication without doing violence to the Constitution. The above decisions following Wiley v. Wiley, supra, have caused confusion in the field of statutory construction, and the reasoning has been unsound since the time it was first announced. It has been well decided that a prior Act may be amended by implication by a subsequent Act if the subsequent Act fulfills all the requirements as to its title and subject matter. State v. Gerhardt (1896), 145 Ind. 439, 452, 453, 44 N.E. 469; McCleary v. Babcock (1907), 169 Ind. 228, 238, 82 N.E. 453; Pike Co. Coal Corp. v. Industrial Bd. (1933), 205 Ind. 702, 708, 188 N.E. 204; Home Owners' Loan Corp. v. Wise (1939), 215 Ind. 445, 449, 450, 19 N.E.2d 737; Wilkins v. Leeds (1940), 216 Ind. 508, 510, 512, 25 N.E.2d 442; Watson v. Strohl (1943), 220 Ind. 672, 681, 46 N.E.2d 204. See also 1 Cooley, Constitutional Limitations (8th Ed.), p. 315, and 1 Sutherland, Statutory Construction (Horack's 3rd Ed.) § 1920, p. 380. Since there never was any reason for the dictum in Wiley v. Wiley, supra, it and Taelman v. Board of Finance of School City of South Bend, supra, Northern Indiana Power Co. v. West, Admx., supra, State ex rel. Blieden v. Gleason, supra, Taylor v. Phelan, supra, and Lynch v. Terre Haute, supra, are each specifically overruled as to the rule they declare that a statute may not be amended by implication.
Appellant, the State of Indiana, contends that the trial court had no jurisdiction to enter a declaratory judgment as to it in its sovereign capacity. The Uniform Declaratory Judgment Act of 1927, §§ 3-1101 to 3-1116, Burns' 1946 Replacement, *65 does not make the State in its sovereign capacity subject to such an action. Borchard, Declaratory Judgments (2d ed.), p. 374. There must be statutory authority for making the State a party defendant. State ex rel. Indiana Dept. of Conservation v. Pulaski C. Co., (1952), 231 Ind. 245, 251, 108 N.E.2d 185; State v. Young (1958), 238 Ind. 452, 151 N.E.2d 697, 700. However, there is no reason why the state's officers and agents may not be a party to an action for a declaratory judgment, and we hold the judgment was proper as to them.
Appellants urge the trial court erred in overruling their demurrer to the original complaint. However, it appears from the briefs that subsequent to this ruling the appellees filed an amended complaint. It is fundamental law on pleading that the filing of an amended complaint takes the original complaint out of the record. No demurrer was filed to the amended complaint, so no error is presented on the court's ruling on the demurrer.
In the final judgment, the trial court dissolved the restraining order issued without notice. The appeal is now from that final judgment. Appellants have cited us no authority which requires us now to reverse that final judgment for any error it may have made in issuing the restraining order without notice.
We find no merit in other contentions made by the appellants, nor do we believe they need discussion here.
Judgment affirmed as to all appellants except the State of Indiana, and reversed as to the State of Indiana.
Landis, C.J., Arterburn and Bobbitt, JJ., concur.
Achor, J., dissents with opinion.

*66 DISSENTING OPINION
ACHOR, J.
The time issue has been one of the most vexing problems facing successive legislators of this state for many years. The 1957 legislature enacted a law intended to establish a uniform but variable "Standard Time" for the entire state of Indiana.
We are asked to construe that law as applied to the law fixing the closing hours of taverns.
This court does not consider the wisdom or propriety of laws which fix the closing hours of taverns. Public policy upon this issue rests solely with the legislature. In my opinion the legislature has stated the law upon this issue in clear and unambiguous terms in the 1957 Act. For this court to interpret the law on the basis of ambiguities and limitations within the law which, in my opinion, does not exist, is not statutory construction but judicial legislation. It is this aspect of the case with which I have grave concern.
The Alcoholic Beverage Act of 1945 [ch. 357, § 5, p. 1737] [§ 12-436, Burns' 1956 Repl.] fixes the closing hours of taverns according to Central Standard Time (except during war time, which was then in effect).
Appellee contends that the 1957 Act is not applicable to the operators of taverns but only to public officers, agents and employees and, in support of this contention, it argues several well established rules of statutory construction. However, in my opinion, such rules of construction have no application in the case at bar. In my opinion the 1957 Act which we are asked to construe is clear and unambiguous and completely covers the issue regarding the standard of time in all laws relating to time, including the 1945 Act. Therefore under the facts before us all other rules of construction must yield to the fundamental rule that the provisions of a prior act are repealed by implication *67 or supplementation by the provisions of a subsequent act which are in irreconcilable conflict therewith. Straus Bros. v. Fisher (1928), 200 Ind. 307, 163 N.E. 225; Renner v. State (1914), 182 Ind. 394, 106 N.E. 703; Greenbush Cemetery Assn. v. Van Natta (1911), 49 Ind. App. 192, 94 N.E. 899; Walter v. The State (1885), 105 Ind. 589, 5 N.E. 735; 1950 O.A.G. 215.
The answer to the problem requires an analysis of the 1957 Act. The pertinent part of this act provides:
"... in all laws, statutes, orders, decrees, rules and regulations relating to the time of performance of any act of any officer or department of this state, or of any county, township, city or town, municipal corporation, agency or instrumentality of the state, or school corporation, or relating to the time in which any rights shall accrue or determine, or within which any act shall or shall not be performed by any person subject to the jurisdiction of the state, and in all the public schools and in all institutions of the state, or any county, township, city or town, municipal corporation, agency or instrumentality of the state, or school corporation, and in all contracts or choses in action made or to be performed in the state, it shall be understood and intended that the time shall be the time prescribed in this section." [Acts 1957, ch. 172, § 1, p. 356.] [§ 60-2201, Burns' 1957 Supp.]
The act also repealed all laws or parts of laws in conflict therewith.
Thus the 1957 Act is expressly made to govern all laws relating to time, as the question of time is by law made to control the acts or operation of the following public officers, persons or subject matter:
1. All laws relating to the performance of any act by officers or agents of the state, or instrumentalities of the state;[1]
*68 2. All laws relating to time in which any right shall accrue or determine;
3. All laws relating to time within which any act shall or shall not be performed by any person subject to the jurisdiction of the state.
The act further provides that in all public schools and state institutions, etc., and that with respect to all contracts or choses in action made or to be performed by the state, the time shall be the time prescribed by the 1957 Act. Thus the pertinent and controlling part of the 1957 Act provides that, "... in all laws ... relating to the time ... within which any act shall or shall not be performed by any person subject to the jurisdiction of the state, ... it shall be understood and intended that the time shall be the time prescribed in this section." (Our italics.) § 60-2201, supra.
In my opinion the above language is clear, unequivocal and in total conflict with the provision of the 1945 Act which formerly established a different standard of time under which taverns were permitted to operate. For this reason I believe the 1957 Act repealed the 1945 Act to the extent that it established a different standard of time and that the Act of 1957 which established Indiana Standard Time is now controlling.
NOTE.  Reported in 154 N.E.2d 708.
NOTES
[1] "§ 21. Amending acts, how done.  No act shall ever be revised or amended by mere reference to its title; but the act revised, or section amended, shall be set forth and published at full length."
[1] Violation of this law by public officers or agents is made a misdemeanor under ch. 172, § 5, p. 356 Acts 1957 [§ 60-2205, Burns' 1957 Supp.].