THE INDIANAPOLIS STREET RAILWAY COMPANY *v.* ROBINSON.

[No. 19,664.    Filed November 22, 1901.]

NEGLIGENCE.—*Pleading.— Contributory Negligence.— Constitutional Law.*—The act of 1899 (Acts 1899, p. 58, §359 Burns 1901), providing that in all actions for damages arising from personal injury or death it shall not be necessary to allege or prove freedom from negligence on the part of plaintiff, or on the part of the person for whose injury or death the action is brought, is not unconstitutional as a special law regulating the practice in courts of justice.  *p. 416.*

SAME.—*Medical Care.—Pleading.—Husband and Wife.*—In an action by a husband for damages for loss of services of his wife, resulting from an injury sustained by her through the alleged negligence of defendant, it is not necessary to allege that plaintiff used reasonable diligence to provide medical attention and other care for his wife, as such negligence, if it existed, was matter in defense. *pp. 416, 417.*

SAME.—*Pleading.—Trial.—Evidence.—Husband and Wife.*—Where a complaint in an action by a husband for loss of services of his wife alleged that the loss of services and the expense for care and medical attention were the result of the injury sustained by the wife as a consequence of defendant's negligence, if the effect of the injury was aggravated by the neglect of plaintiff to furnish proper care, such neglect might be proved under the general denial in mitigation of damages. *pp. 416, 417.*

SAME.—*Evidence.—Medical Service.—Husband and Wife.*—Where, in an action by a husband for personal injuries sustained by his wife, the family physician testified that in his opinion a surgical operation might become necessary to relieve plaintiff's wife, it was proper to show the expense of such operation.  *p. 417.*

SAME.—*Personal Injury.—Evidence.—Street Railroads.*—In an action by a husband for personal injuries to his wife, evidence that the wife did not sleep well after the accident, and had to take medicine to produce sleep, was competent.  *p. 418.* ·

STREET RAILROADS.—*Personal Injury.—Evidence.*—The testimony of plaintiff's wife, in an action for injuries sustained by her by reason of a defective board in defendant's railroad platform, that the crowd of people on the platform prevented her from seeing the defect, was the statement of a fact and not a conclusion.  *p. 418.*

SAME.—*Personal Injury.—Evidence.*—Where, in an action against a street railroad for personal injuries sustained because of a defect in the platform, plaintiff introduced evidence to show that

Indianapolis St. R. Co. v. Robinson.

the crowd of people on the platform prevented the injured person from seeing the defect, it was not error to exclude the testimony of a witness offered by defendant that on Sundays during the summer of 1891 but few people returned to the city by defendant's cars, as the term "few" was too indefinite. *pp. 418, 419.*

STREET RAILROADS.—*Instruction.—Negligence.—Personal Injury.*— An instruction in an action against a street railroad for personal injuries caused by a defective board in the station platform, that the injured person was guilty of negligence if she stepped into a hole in the platform, or upon a rotten board, without looking where she was stepping, or taking any precaution to ascertain the danger, was properly refused, since the situation may have been such that the woman could not have been able to see the defect. *p. 419.*

SAME.—*Negligence.—Injury of Person at Station.*—A street railroad company is not relieved from liability to a passenger for personal injury caused by a defective board in its station platform, by reason of the fact that the crowd of persons attempting to get upon the cars pushed the injured person into a place of danger and prevented her from avoiding the danger. *p. 420.*

DAMAGES.—*Action by Husband for Injury to Wife.*—In an action by a husband for personal injuries to his wife, the question for the consideration of the jury in determining the amount of damages to which plaintiff is entitled to recover is not how much the husband had realized or accumulated in the past from the services of his wife, but what were the services of the wife to the husband reasonably worth. *pp. 420, 421.*

SAME.—*Action by Husband for Injury to Wife.*—Damages may be awarded the husband for the loss of companionship and society of his wife in an action for personal injury to the wife, although the complaint does not in so many words charge that in consequence of the injury he has been and will be deprived of her society, where the complaint discloses that such has been the result of the accident, and that such condition is likely to continue. *pp. 421, 422.*

SAME.—*Verdict.—Excessive Damages.*—A verdict will not be set aside as excessive where there is nothing to show that the jury were influenced by improper considerations, or that they misunderstood or misapplied the evidence. *p. 422.*

From Marion Circuit Court; *H. C. Allen,* Judge.

Action by David Robinson against the Indianapolis Street Railway Company on account of personal injuries to his wife. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*S. N. Chambers, S. O. Pickens, C. W. Moores, F. Winter* and *W. H. Lalta,* for appellant.

*Eli F. Ritter* and *W. S. Doan,* for appellee.

DOWLING, J.—The appellee recovered a judgment against the appellant for damages on account of the loss of the services, etc., of his wife in consequence of an injury sustained by her through the alleged negligence of the appellant. This negligence, it is charged, consisted in permitting a decayed or broken board to remain in the floor of a platform at one of appellant's stations. While appellee's wife was crossing this platform on her way to appellant's cars, the board broke, or she stepped into a hole in it, and was permanently injured and disabled.

The appellant insists that the complaint is bad because it does not negative contributory negligence on the part of appellee and his wife. It contends that the act of February 17, 1899, dispensing with this allegation, is unconstitutional, for the reason that it is a special law regulating the practice in courts of justice. Both of these points were decided otherwise in *Indianapolis St. R. Co. v. Robinson, ante,* 232.

The appellant next contends that the complaint is insufficient because it does not aver that the appellee used reasonable diligence to provide medical attention and other care for his wife. An averment of this character was not necessary. If the failure of the appellee to provide such attention and care prolonged the illness and disability of his wife, such neglect was matter of defense. The complaint alleged that the loss of the services, etc., of the wife, and the expenses for care and medical attention were the result of the injury sustained by the wife. If this was not true, or if the effects of the injury were aggravated by the failure of the appellee to use ordinary care to restore the health of his wife, this neglect might be proved under the general denial in mitigation of damages. Such neglect would not destroy the right of action, but would affect only the extent of the

damages to be recovered. *Waxahachie* v. *Connor* (Tex. Civ. App.), 35 S. W. 692; *Chicago, etc., R. Co.* v. *Meech,* 163 Ill. 305, 45 N. E. 290; *Taylor* v. *City of Springfield,* 61 Mo. App. 263.

The family physician of the appellee had testified that, in his opinion, a surgical operation might become necessary to relieve appellee's wife. Over the objection of appellant, he was permitted to answer the question, "What would be a reasonable charge for performing that operation?" His answer was: "$250 to $300." It is true, as stated by counsel for the appellant, that the appellee alleged in his complaint that the injury to his wife had resulted in her permanent disability. But he was not compelled to prove this averment. Under the allegations of the complaint, if it appeared from the proof that the appellee was deprived of the services and society of his wife in consequence of an actionable injury by the appellant, even temporarily, then, upon this branch of the case, the appellee would be entitled to recover for such time as such disability lasted. It is to be borne in mind that, for the alleged injury, there could be but one action by the husband, and one recovery, and that all damages past, present, and prospective must be included in the verdict. *Town of Elkhart* v. *Ritter,* 66 Ind. 136; *City of North Vernon* v. *Voegler,* 103 Ind. 314.

The appellee had the right to show, if he could, that a surgical operation would probably be necessary to save the life, or to relieve the sufferings of his wife, and the expense attending the operation. The appellee owed to his wife the duty of providing for her whatever surgical and medical treatment her case demanded, and if there was a probability that an operation would be required, it was proper to prove the fact, and to show how much such operation would cost the appellee.

For similar reasons, the evidence of the expense of nursing and caring for appellee's wife in case an operation should be performed was properly admitted.

Proof of the fact that appellee's wife, after the accident and injury, did not sleep well, and had to take medicine to produce sleep, was competent. This evidence tended to support the charge that appellee's wife was sick, and in a disabled condition. If she could not obtain natural rest, and had to resort to narcotics to produce sleep, the probable result would be loss of strength and energy and, hence, inability to render the services for the loss of which the action was prosecuted. On the same grounds, the testimony of appellee's wife that her sleep was disturbed, and that she did not get sufficient rest, was properly admitted.

The appellant objected to the admission of the testimony of appellee's wife that the crowd of people on the platform prevented her from seeing the hole in the platform. It is said that this was the statement of a conclusion, and not of a fact. We think it was the statement of a fact. If the appellant wished to know how many persons constituted the crowd, and where they were, with reference to the hole in the platform and to the appellee's wife at the time of the accident, and how they prevented her from seeing the hole, it could have asked these questions upon cross-examination, or it could have proved the facts by other witnesses.

The court excluded the testimony of one Bruce, a witness for appellant, that, between 3 and 4 o'clock p. m. on Sundays during the summer of 1899, but few people returned to the city by appellant's cars, and this ruling is complained of. There was no error in this decision. The term "few", as used in the proposed evidence, was very indefinite, and, applied to Sunday travel on a street railroad, might have meant fifty persons or 500. The evidence, if admitted, would have proved nothing, for even a few persons crowded together upon a narrow platform in an attempt to get upon a street car might prevent any one of their number from seeing a defective plank in the floor of the platform. Besides, appellee's wife did not say that the crowd on the platform was composed of intended passengers. The crowd may have

been made up of persons who had just arrived, or who were there for some other purpose than returning to the city on appellant's cars.

The appellant next complains that the court erred in refusing to give instructions numbered five, seven, thirteen, seventeen, twenty-one, and twenty-four as requested by it. The record shows that instruction numbered five was given.

The substance of instruction numbered seven was that the company was not bound in law to know of the existence of the alleged defect, but that it must be proved by a preponderance of the evidence, either that the company had knowledge of the alleged defect, or that the company failed to make such inspection of its premises as the law requires, or that, by the exercise of the care required by the law, the defendant might have known of the existence of the defect, and of its liability to produce some injury to persons using the platform.

Instructions numbered three, four, five, and six, which were given at the request of the appellant, fully covered the matters contained in instruction numbered seven, and stated the law quite as favorably to the appellant as it had a right to ask. Instruction numbered seven was a mere summing up and repetition of instructions numbered three, four, five, and six, and was correctly refused.

Instruction numbered thirteen, asked for by appellant, was properly refused by the court because it declared without qualification that appellee's wife was guilty of negligence if she stepped into a hole in the platform, or upon a rotten board, without looking where she was stepping, or taking any precaution to ascertain the danger. If the situation at the time of the accident was such that the woman could not see the hole, or if there was nothing in the appearance of the decayed plank to indicate that it was liable to break, she was not negligent in stepping into the hole or upon the plank. Without these qualifications, the proposed instruction did not state the law.

Instruction numbered seventeen undertook to shift the responsibility for the accident to appellee's wife from the appellant, which maintained a defective platform, to the crowd which pushed appellee's wife into a place of danger, or prevented her from avoiding the place by the exercise of ordinary care. But appellant was bound to know that crowds might congregate upon its platform, and that injury to its intended passengers might result from defects in its platform under such circumstances. The presence and struggle of the crowd to get upon appellant's cars only increased the danger of accidents from the unsafe platform; it did not relieve the appellant from responsibility for such accidents.

It is settled by numerous decisions that railroad companies must provide means by which their passengers may safely enter their cars at stations, and must keep their platforms provided for that purpose in a safe condition. They are bound to know that if platforms become unsafe, the lives and limbs of passengers are put in peril. Failure to keep such platforms in a safe condition for the use of passengers entering or leaving their cars is a neglect of duty which makes the company liable to persons injured, without fault on their part, by reason of such defective platform. *Louisville, etc., R. Co.* v. *Lucas,* 119 Ind. 583, 6 L. R. A. 193; *Lucas* v. *Pennsylvania Co.,* 120 Ind. 205, 16 Am. St. 323; *Pennsylvania Co.* v. *Marion,* 123 Ind. 415, 7 L. R. A. 687, 18 Am. St. 330.

"It is the duty of the company to provide for the safe receiving and discharging of passengers. It is bound to exercise the strictest vigilance not only in carrying them to their destination, but also in setting them down safely, if human care and foresight can do so. *Pennsylvania R. Co.* v. *Aspell,* 23 Pa. St. 147, 62 Am. Dec. 323." *Pennsylvania R. Co.* v. *White,* 88 Pa. St. 327. This statement of the law is quoted and approved in *Terre Haute, etc., R. Co.* v. *Buck,* 96 Ind. 346, p. 357, 49 Am. Rep. 168.

Instruction numbered twenty-one, tendered by appellant and refused by the court, was as follows: "In consider-

ing the measure of the plaintiff's damage, if any, it is proper to take into consideration the amount, if anything, which the plaintiff has realized and accumulated in the past from the services of his wife, over and above the expenses of her support. And, if it be shown by the evidence that he realized and accumulated nothing from her said services in excess of her support, then you may consider that fact also." We are referred to no authority in support of this statement of the law, nor have we been able to discover any. The question was not how much the husband had realized and accumulated in the past from the services of his wife, but what were the services of the wife to the husband reasonably worth. The appellee may not have realized and accumulated anything in the past from the services of his wife, and yet those services may have been most valuable. It was for the jury to determine from the evidence what that value was, irrespective of the actual amount "realized and accumulated in the past in excess of the cost of her support."

Instruction numbered twenty-four in effect informed the jury that they might consider whether the physical derangement from which it was claimed appellee's wife was suffering was the result of the accident complained of, or was due to some other cause. This subject was fully covered by other instructions given by the court, and its further presentation in the form proposed by appellant was not necessary.

In addition to the instructions requested by the appellant, which were given, the court gave fourteen of its own, which covered every feature of the case and, as we think, fairly stated the law. None of the objections to them is well founded. The *second* informed the jury that the burden of establishing contributory fault was upon the defendant. There was no error in this. The *seventh* and *tenth* related to the duty of the appellant to provide and maintain a safe platform at its station for the use of its passengers, and were clearly correct. The *eleventh* instruction is com-

plained of because it told the jury that they might give to the appellee damages for the loss of the companionship and society of his wife, and because it did not limit the damages to those shown by the evidence. While the complaint does not in so many words charge that, in consequence of the injury to his wife, he has been and will be deprived of her society, its averments plainly disclose that such has been the result of the accident, and that such condition is likely to continue. As to the *second* point made against this instruction, it seems clear to us that the jury could not have been misled. In every part of the charge, and repeatedly in this instruction, the jury were told that everything done by them must be done "under the evidence", and they could not have understood that, in assessing the plaintiff's damages, they could go outside of the evidence. The repetition of the cautionary words in every sentence of the instruction was not necessary, and as it is evident that the appellant could not have suffered harm from the instruction as framed, we must hold that the objections to it were insufficient.

It is insisted in the last place that the damages are excessive, and the appellant presents a computation which indicates that the amount allowed was larger than the sum proved. But this calculation takes no account of prospective loss occasioned by the permanent disability of the wife, and hence is incorrect. There is nothing in the assessment made by the jury to indicate that they were influenced by improper considerations, or that they misunderstood or misapplied the evidence.

There is no error in the record. Judgment affirmed.