COMMUNICATIONS WORKERS OF AMERICA, LOCAL No.
5790 *v.* INDIANA EMPLOYMENT SECURITY BOARD ET AL.

[No. 20,208. Filed November 18, 1964. Rehearing denied
January 19, 1965.]

*Lynnville G. Miles,* Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Keith Campbell* and *William C. Haase, Jr.,* Deputy Attorneys General, of all Indianapolis, for appellees.

HUNTER, C. J.—The appellee, Indiana Employment Security Board of the Indiana Employment Division, filed its motion to dismiss the appeal of the appellant alleging in substance as follows:

"(1) That on April 28, 1964 the Liability Referee for said Board rendered a decision against the appellant affirming determination by the Board against the appellant re assessment of delinquent contributions, interest and penalty pursuant to the provisions of the Indiana Employment Security Act.

(2) On May 6, 1964, the said Board issued its notice and findings to the appellant together with a copy of the decision of the Liability Referee.

(3) On May 13, 1964, appellant filed its notice to institute judicial review of the proceedings.

(4) The appellant submitted this cause of action on June 11, 1964 with the filing of its transcript and assignment of errors.

(5) That there is a defect of parties appellee present herein, to wit: that the proper party to the judgment whose interests are adverse to the interests of the appellant is:

"THE INDIANA EMPLOYMENT SECURITY BOARD

(members:   Dr. I. Lynd Esch<br>
              Richard B. Stoner<br>
              Albert L. Summers<br>
              Philip E. Byron, Jr.<br>
              Dallas Sells<br>
              Lewis F. Nicolini,<br>
                  Ex Officio Secretary<br>
                  to the Board)

and not: "THE INDIANA EMPLOYMENT SE-
CURITY BOARD." That said proper party is not
named as an appellee in the caption or body of the
Assignment of Errors filed by appellant herein.
That said proper party is a necessary party to this
appeal.

(6) That appellant's failure to correctly name the
parties appellee is grounds for dismissal of
this appeal."

Under Acts of 1947, ch. 208, §3309, as amended, as
found in §52-1557h, Burns' 1964 Supplement, any in-
terested party may appeal the decision of the Li-
ability Referee to the Appellate Court of Indiana,
for errors of law, "under the same terms and
conditions as govern appeals in ordinary civil actions."

Rule 2-6 of the Supreme Court of Indiana pro-
vides, *inter alia,* as follows:

"There shall be attached to the front of the tran-
script, immediately following the index, a specific
assignment of the errors relied upon by the appel-
lant in which each specification of error shall be
complete and separately numbered . . . "

"In the title to the assignment of errors all par-
ties to the judgment seeking relief by the appeal
shall be named as appellants, and all parties to the
judgment whose interests are adverse to the inter-
ests of the appellants shall be named as appellees
. . . Failure properly to name parties will not be
treated as jurisdictional. Amendments may be per-
mitted upon such terms as the court shall direct
. . . "

In *Ball Brothers Company* v. *Review Board, etc.*
(1961), 131 Ind. App. 683, 172 N. E. 2d 898, this court
stated:

"Rule 2-6 of the Supreme Court also applies to
reviews of decisions of administrative tribunals."
Also: *Davidson* v. *Review Bd. of Ind. Emp. Sec.*

*Div.* (1963), 134 Ind. App. 313, 315, 187 N. E. 2d 586, 587.

Appellant's notice of intention to institute judicial review proceedings herein was served upon the Indiana Employment Security Board of the Indiana Employment Security Division as constituting an "adverse party," within the provisions of Acts of 1947, ch. 208, §3308, as amended, as found in Burns' 1964 Supplement, §52-1557g.

> "Judicial review—Notice to adverse party—Stay of finality of decision—Effect of appeal.—A notice of intention to institute judicial review proceedings shall be a prerequisite to such action, shall be served on the adverse party at any time before said decision of the liability referee becomes final, and shall stay the finality of said decision for a period of thirty (30) days from the service of such notice, and if such appeal is perfected, further proceedings shall be stayed pending the final determination of said appeal; Provided, further, That if an appeal from such decision of the liability referee is not perfected within the time provided for by this act (§§52-1525—52-1563b), no action or proceeding shall be further stayed."

Appellant has named The Indiana Employment Security Board as a party to the judgment whose interests are adverse to the interests of the appellant, by naming The Indiana Employment Security Board as a party appellee in its assignment of errors filed herein.

The Indiana Employment Security Board, per se, therefore, has been treated as being a party to the judgment whose interests are adverse to the interests of the appellant by both appellant's notice of intention to institute judicial review proceedings and appellant's assignment of errors filed herein.

By the Acts of 1947, ch. 208, §1901, as found in Burns' 1951 Replacement, §52-1543 there is created a

division known as the Indiana Employment Security Division, which is to be administered by a board known as the Indiana Employment Security Board.

> "Indiana employment security division—Administration.—There is hereby created a division which shall be known as the Indiana Employment Security Division, which shall be administered by a board which shall be known as the Indiana Employment Security Board."

Under the provisions of the Acts of 1947, ch. 208, §1902 as found in Burns' 1951 Replacement, §52-1543a, it is provided that the Indiana Employment Security Board shall consist of five members, who shall be appointed by the Governor and that three members of said Board shall constitute a quorum for the transaction of business.

> "The Indiana employment security board—Members — Compensation — Meetings — Officers and seal.—The Indiana employment Security Board shall consist of five (5) members, who shall be appointed by the governor, as hereinafter provided ..."
> " . . . Three (3) members of the Board shall constitute a quorum for the transaction of business ..."

Under the provisions of the Acts of 1947, ch. 208, §1903, as found in Burns' 1951 Replacement, §52-1543b, it is provided that the Governor shall select and appoint a Director, to serve as the executive and administrative officer of the Indiana Employment Security Board.

> "Director—Board to classify personnel and provide for merit ratings.—The governor shall select and appoint a director, who shall serve as the executive and administrative officer of the division and who shall be the secretary of the board ... "

By the provisions of the Acts of 1947, ch. 208, §2001 as found in Burns' 1951 Replacement, §52-1544, the Indiana Employment Security Board is charged with the duty to administer the provisions of the Employment Security Act.

"Authority and duties of Board.—It shall be the duty of the Board to administer the provisions of this act . . . "

Under the powers conferred upon the Indiana Employment Security Board by the Employment Security Act, no express power is given to said Board to sue and be sued as an entity in its official name, and therefore the Indiana Employment Security Board *by and through its individually named members,* and not "The Indiana Employment Security Board," constitutes the proper party to the judgment whose interests are adverse to the interests of the appellant and is, therefore, the proper party appellee in this appeal. *State et al.* v. *LaRue's Inc., etc. et al.* (1958), 239 Ind. 56, 65, 154 N. E. 2d 708, 712; *State et al.* v. *Young et al.* (1958), 238 Ind. 452, 458, 151 N. E. 2d 697, 700.

The appellee asserts that defect of parties present herein is not cured by the correct caption of parties appearing on the page following the assignment of errors in the transcript, entitled "Title Page," for the reason that said "Title Page" is not signed and therefore cannot be considered as a portion of the assignment of errors. With this we agree. *Allmon et al.* v. *Review Board, etc. et al.* (1953), 124 Ind. App. 212, 215, 116 N. E. 2d 115, 116.

We therefore hold that appellant's failure to name the proper party appellees at some place in its assignment of errors pursuant to Rule 2-6, *supra,* although not a jurisdictional defect, is grounds for dismissal of the appeal, particularly in view of the

appellant's failure to make a prompt effort to correct such defect after a timely motion was filed calling the appellant's attention to the same. The appellees' motion to dismiss is therefore sustained. *Payne* v. *State* (1962), 243 Ind. 400, 186 N. E. 2d 9.

Appeal dismissed.

NOTE.—Reported in 202 N. E. 2d 176.