CANTRELL *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 270A30. Filed October 26, 1970. No petition for rehearing filed.]

*Arnold Paul Baratz,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William S. Mc-Master,* Deputy Attorney General, for appellee, Review Board.

CARSON, J.—This case is before us for a judicial review of the decision of the Review Board of the Indiana Employment Security Division holding that appellant was discharged for misconduct in connection with his employment and not entitled to unemployment benefits within the meaning of the Indiana Employment Security Act.

The circumstances of the case are as follows:

Claimant states he was absent because of illness from January 9 to March 21, 1969, but did not present medical evidence that he had been under the care of a doctor. During this time he was attacked and "beaten up" on March 21, 1969, and released from medical treatment as being able to work on May 12, 1969. Appellant reported for work on May 13, 1969, thereafter worked a short time and was then released from his employment because he had not properly reported his absence from January to March, 1969. Appellant admits he has a drinking problem and alleges he expected to be hospitalized for this condition during the time he was absent. However, the Review Board found that appellant submitted no statement to the employer to substantiate his contention that he was attempting to enter the hospital for treatment of alcoholism. The record further shows that appellant was suspended on several occasions for various violations

of shop rules including reporting for work while under the influence of alcohol.

Following a hearing, a deputy for the Indiana Employment Security Division found against appellant stating that "[c]laimant was discharged after an extended absence for which he could give no reasonable excuse. Separation is misconduct in connection with work and the penalty of Section 1501 applies."

Thereafter, claimant-appellant filed an appeal to the Appellate Section of the Indiana Employment Security Division, the Appeals Referee of which affirmed the Deputy's determination. After a complete review of the entire record the Review Board affirmed the decision of the Referee of the Appellate Section.

Appellant's sole assignment of error is that the decision of the Review Board is contrary to law. Such assignment of error is sufficient to present both the sufficiency of evidence to sustain the findings of fact and the sufficiency of facts found to sustain the decision. It should be pointed out here, however, that the question of sufficiency of evidence presents nothing for review by this court. "It is not necessary for the Industrial Board or one benefitting by a negative award to justify or support such decision by reference to sufficient or preponderating evidence. It is the claimant's burden in the first instance to prove his right to compensation." *Dooley* v. *Richard's Standard Service* (1969), 145 Ind. App. 470, 251 N. E. 2d 449, at 450, 18 Ind. Dec. 754.

## THE DECISION IS NOT CONTRARY TO LAW.

In *Adams et al.* v. *Bd. Ind. Emp. Sec. Div. et al.* (1957), 237 Ind. 63, at 69, 143 N. E. 2d 564, at 567, our Supreme Court stated:

"The question whether a claimant is available for work so as to be entitled to unemployment benefit payments is

one of fact to be determined by the Review Board. *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, 277, 116 N. E. 2d 650.

"It is the general rule that the decision of the Board as to all questions of fact is conclusive and binding upon the court; and the court will not disturb the decision of the Board 'unless reasonable men would be bound to reach a different conclusion on the evidence' in the record." (Citing authorities.)

We have carefully reviewed the record before us and find that conflicting evidence was presented to the Deputy and that based upon such conflicting evidence the Deputy found against the claimant-appellant; that the claimant-appellant had a complete review of his case before the Indiana Employment Security Division, Appellate Section; and that following a hearing and review of the record, the decision of the Appellate Section of the Employment Security Division was upheld by the Review Board.

The record before us fails to disclose anything which persuades us that claimant-appellant did not have a fair and impartial hearing before the Deputy, Appeals Referee and the Review Board of the Indiana Employment Security Division. The evidence being in conflict, it is not our function to weigh the evidence. We cannot say as a matter of law that "reasonable men would be bound to reach a different conclusion on the evidence." *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, 116 N. E 2d 650.

Since appellant has not demonstrated any reversible error, the decision of the Review Board of the Indiana Employment Security Division must be affirmed.

The decision of the Review Board is affirmed.

Lowdermilk, C. J., Cooper* and Sullivan, J., concur.

NOTE.—Reported in 263 N. E. 2d 216.

---

* While Judge Cooper participated in a conference of the Judges, and concurred in this opinion, his untimely death occurred before the filing of this opinion.