BETTY J. RENWANZ *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION, ET AL.

[No. 1170A178. Filed March 26, 1971.]

*Paul B. Huebner,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *William S. McMaster,* Deputy Attorney General, for appellee.

## STATEMENT OF THE CASE AND FACTS

BUCHANAN, J.—This is an appeal from a decision by the Review Board of the Indiana Employment Security Division ("the Board") wherein it determined that Appellant-Claimant Renwanz was unavailable for work and thus ineligible for unemployment benefits. The decision of the Board overruled the determination of eligibility of both the Claims Deputy and the Appeals Referee.

The evidence shows that Appellant was employed for some years by Montgomery Ward until she was laid off on December 24, 1969. She then applied for work at several places, primarily in the retail business, but with little success. She testified she was available for full time employment but stipulated she would not accept employment on Sunday or during the evening because she was needed at home during these times to care for her 16 year old son. A careful reading of the Transcript indicates a conflict in her testimony as to her availability for work.

On review the Board entered the following decision (omitting formal parts), as follows:

"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant has applied for work at several places since December 24, 1969, the date of her separation from her last employment as saleslady for a retail concern.

It further finds that claimant has placed limitations on her availability by refusing to accept a job entailing evening or Sunday work and not wanting to work Saturdays.

It further finds that § 1403 of the Act provides, in part, that an unemployed individual shall be eligible to receive benefits

with respect to any week only if he shall make himself available for any shift of hours for suitable employment.

The Review Board concludes that claimant has, by her own restrictions, made herself unavailable for work within the meaning of § 1403 of the Act."

*ISSUES*—Two questions are raised for our decision:

1. Is Appellant's brief fatally defective for failing to comply with Appellate Court Rule 7.1 (B-2) in that there is a defect of parties because the Board is sued as an entity in its official name rather than naming the individual members as such?

2. Is the decision of the Board contrary to law because it has misconstrued the provisions of the Employment Security Act regarding availability for work in the circumstances of this particular case?

## DECISION

I.  It is our conclusion that the answer to question No. 1 is in the negative. This appeal should not be dismissed or the Board's action affirmed because Appellant's brief does not properly designate the Board's members individually as parties to the appeal.

The Board has chosen not to file a motion to dismiss in this case but has indicated in its brief certain deficiencies in the Appellant's brief and the record of the proceedings. While Appellant's brief does fail to comply with the Appellate Court Rules in certain minor respects, it is sufficiently complete to present the issues in this case.

A more serious contention is that the Appellant erred in suing the Board as an entity in its official name and not naming the individual members as such in the caption or body of the Assignment of Errors and cites in support thereof *Communication Workers of America, Local No. 5790* v. *Indiana Employment Security Board et al.* (1964), 136 Ind. App. 601, 202 N. E. 2d 176. The opinion in this case notes that this particular point is raised on a motion to dismiss and that the title page designating the parties was not signed by

counsel and further that the "appellant's failure to name the proper party appellees at some place in its assignment of errors pursuant to Rule 2-6, *supra*,[1] although not a jurisdictional defect, is grounds for dismissal of the appeal. . . ."

In the instant case the title page on the Transcript *does* properly name the Review Board of the Indiana Employment Security Division and sets out the names of the individual members and is signed by the attorney for the Appellant. The Board has been notified of the appeal and responded thereto with its brief. This preliminary question disposed of, we proceed to consider the matter on its merits.

II.   It is our opinion that question No. 2 must be answered in the affirmative because the Board has misapplied the Act to this particular case.

Pertinent parts of the Indiana Employment Security Act, being I.C. 1971, 22-4-14-3, Ind. Stat. Anno. § 52-1538b Burns 1970 Cum Supp., are as follows:

"Physical and mental ability to work—Reduction in benefits for unavailability—Acts constituting unavailability.— An employed individual shall be eligible to receive benefits with respect to any week only if: He is physically and mentally able to work, is available for work and is found by the division to be making an effort to secure work: Provided, That such 'effort to secure work,' shall be defined by the board through rule or regulation which shall take into consideration whether such individual has a reasonable assurance of re-employment and, if so, the length of the prospective period of unemployment: Provided further, That if an otherwise eligible individual is unable to work or unavailable for work on any normal work day of the week he shall be eligible to receive benefits with respect to such week reduced by one-third [⅓] of his weekly benefit amount for each day of such inability to work or unavailability for work. For the purposes of this act [§§ 52-1525—52-1563b], unavailability for work of an individual shall be deemed to exist but shall not be limited to, any case in which, with respect to any week, it is found:

(a)   That such individual is attending a regularly established school, college, university, hospital, or training school,

1.   Referring to Rules of the Supreme Court 2-6.

excluding, however, any night school or part-time training course or is in any vacation period intervening between regular school terms, during which he is a student, of any such regularly established school, college, university, hospital, or training school: Provided, however, That the provisions herein shall not apply during his benefit period to any individual who subsequent to his enrollment in and while attending a regularly established school has been regularly full-time employed and thereafter being unemployed shall maintain residence in the labor market area of such prior employment, shall be making an effort to secure work *and shall make himself available on any shift of hours for suitable employment* by his or her most recent employer or for any other suitable employment to which he is directed, pursuant to the provisions of this act." (Emphasis supplied.)

It should be noted that the findings and conclusions of the Board state in part that:

"It further finds that § 1403 of the Act provides, in part, that an unemployed individual shall be eligible to receive benefits with respect to any week *only if he shall make himself available for any shift of hours* for suitable employment." (Emphasis supplied.)

The briefs argue the factual question as to whether the Appellant placed limitations on her availability for work. We agree with Appellee that "it is the general rule that the decision of the Board as to all questions of fact are conclusive and binding upon the court; and the court will not disturb the decision of the Board 'unless reasonable men would be bound to reach a different conclusion on the evidence' in the record." *Cantrell* v. *Review Board of Ind. Emp. Sec. Div. et al.* (1970), 147 Ind. App. 611, 263 N. E. 2d 216; *Miles* v. *Review Bd. Emp. Sec. Div.* (1951), 120 Ind. App. 685, 690, 96 N. E. 2d 128.

There appears to us to be a conflict in the testimony and therefore we cannot disturb the decision of the Board on this ground.

We must, however, consider whether the Board has misapplied the Act in this particular case as a matter of law.

We recognize that the discretionary powers of the Board are broad and by statute the definition of unavailability for work is not limited to the exact specifications set out by the legislature. *Nelson* v. *Review Board of Indiana Employment Security Division* (1948), 119 Ind. App. 10, 82 N. E. 2d 523.

The powers of the Board are limited, however, in that it "may not make rules and regulations inconsistent with the statute which it is administering, it may not by its rules add to or detract from the law as enacted, nor may it by rule extend its power beyond those conferred upon it by law." *Gross Income Tax Div.* v. *Colpaert Realty Corp.* (1952), 231 Ind. 463, 109 N. E. 2d 415, citing *McCreery* v. *Ijams* (1945), 115 Ind. App. 631, 59 N. E. 2d 133.

In considering the general purpose and scope of unemployment compensation statutes, *Sutherland's Statutory Construction,* Vol. 3, § 7211 points out that "unemployment compensation statutes were enacted for the purpose of relieving the harsh social consequences resulting from unemployment, and if these statutes are to accomplish their purpose they must be given a liberal interpretation." The state of Indiana is no exception to this doctrine of liberal construction of social welfare statutes. In *Schakel* v. *Review Board of Indiana Emp. Sec. Div.* (1968), 142 Ind. App. 475, 235 N. E. 2d 497 *(transfer denied)*, this court held that, like other social legislation, the unemployment compensation law should receive a liberal construction in order that it may accomplish its purpose.

It is also true that "the primary object of statutory construction is to ascertain and effectuate the intent of the legislature as shown by the whole act, the law existing before its passage, the changes made and the apparent motive for making them." *State ex rel. Rogers* v. *Davis* (1951), 230 Ind. 479, 104 N. E. 2d 382, citing *City of Lebanon* v. *Dale* (1943), 113 Ind. App. 173, 46 N. E. 2d 269.

In many states it is established law that individuals who

place limitations upon their working schedules *may* be denied the benefits of unemployment compensation (25 A. L. R. 2d 1077, 25 A. L. R. 3d 1133), and we do not dispute the Board's authority to make such determinations within the scope of the statute.

With these principles in mind, it is our opinion that the Board has exceeded its authority under the statute by extending the clause "make himself available on any shift of hours for suitable employment" to include *any* individual under the Act.

The phrase "make himself available for [on] any shift of hours for suitable employment" in the Board's finding was apparently lifted verbatim from subsection (a) of the statute, which, as we read it, only denies benefits under the Employment Security Act to those attending "a regularly established school, college, university. . . ." This subsection, however, was not intended by the legislature to apply to "any individual who subsequent to his enrollment in and while attending a regularly established school has been regularly full-time employed and thereafter being unemployed. . . ." Such a person will not be denied benefits so long as he meets certain conditions including making "himself available on any shift of hours for suitable employment."

The Board must view the statute as if seeing it through an open door, and not as though squinting through the keyhole. It has extended a narrow provision of the Act relating to payment of benefits to students to apply to all or any persons attempting to qualify for benefits under the Act. Had the Board omitted from its findings and conclusions the third paragraph thereof, quoted above, the question of availability of Appellant for work would have been a factual one and we would be bound by any reasonable determination of the Board.

The Board is a victim of its own prolixity.

The decision of the Board is reversed.

Sullivan, P.J., Robertson and Lowdermilk, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 844.