297 N.E.2d 439 (1973)
Mary M. SPEARS, Appellant (Defendant below),
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL., Appellees (Plaintiffs below).
No. 2-1272A147.
Court of Appeals of Indiana, Third District.
June 20, 1973.
Rehearing Denied July 26, 1973.
Edward F. McCrea of McCrea & McCrea, Bloomington, for appellant.
Theo. L. Sendak, Atty. Gen., Darrel K. Diamond, Deputy Atty. Gen., for appellees.
SHARP, Judge.
This case is a judicial review of a determination by the Review Board of the Indiana *440 Employment Security Division which held that the Appellant, Mary M. Spears, was ineligible for unemployment compensation benefits.
Mrs. Spears had worked for four years as a teacher assistant in the C.A.P. Headstart program in Bloomington, Indiana, which employment terminated on June 21, 1972 for summer vacation. She was scheduled to return to work there on September 5, 1972.
Previously, in August of 1971 she had taken a job as a maid at the Stony Crest Motel in Bloomington, Indiana where she worked approximately 40 to 48 hours per week at an hourly rate of $1.25 per hour, which rate was increased to $1.40 per hour. She left the employment at the Stony Crest Motel to return to her headstart job in September 1971. During the time that she was employed at Stony Crest Motel her husband was on vacation and stayed with her young daughter. At other periods a friend had provided said daughter with babysitting services free of charge. On July 13, 1972 the Employment Security Division sent Mrs. Spears a notice that her former employer, Stony Crest Motel, had a job available for her. The work and the wages were the same as when she left the job a year before in 1971. She refused that job offer and gave as her reason that she no longer had free babysitting service available.
It is unnecessary to cite authorities for the proposition that in this case all factual inferences are in favor of the administrative decision of the Review Board.
In analyzing the facts in this case and the law applicable to it a distinction must be made between a personal motivation for refusing a job offer and good cause for doing so. Purely personal concerns have been held not to constitute good cause within the terms of the Indiana Employment Security Act. Explicit in the findings and decision of the Review Board was the conclusion that Mrs. Spears' motivation was of such a subjective nature.
The finding of the Review Board was that Mrs. Spears' reason for refusing the job offer may have been for good "personal" reason, but that the reason was not "good cause" within the scope of the applicable statutory framework. The applicable statute provides in pertinent part that any person shall be ineligible for benefits if "he fails without good cause ... . to accept suitable work ... . offered to him... . by an employing unit". See I.C. 1971, 22-4-5-2, Ind. Ann. Stat. § 52-1539a.
Not every personal motivation may be considered to be objective good cause. In Walton v. Wilhelm, 120 Ind. App. 218, 224, 91 N.E.2d 373 (1950), the Appellate Court stated:
"We have repeatedly said that the [Employment Security Act] was not designed for the benefit of those who are voluntarily idle. It was intended to alleviate the distressing consequences of involuntary unemployment. It is for the relief of those unemployed through no `fault' of their own. While meritorious claims should not be denied, the humane purposes of the act should not be perverted by pretense."
See also, Lewis v. Review Board, Ind. App., 282 N.E.2d 876 (1972); White v. Review Board, Ind. App., 280 N.E.2d 64 (1972).
The Appellee cites and relies on three Indiana cases in support of her contentions. Renwanz v. Review Board, Ind. App., 267 N.E.2d 844 (1971); Hacker v. Review Board, Ind. App., 271 N.E.2d 191 (1971); and Ball v. Review Board, Ind. App., 273 N.E.2d 869 (1971). Renwanz is not in point since there the court held that the Review Board had improperly implied a statutory provision applicable only to students to one who did not fit into that category. Hacker, likewise, is not in point. Hacker concerned a woman who was unable to get a babysitter during the day, but was still available for a job on the night shift. In this case, the Review Board may *441 have determined from all of the evidence that Mrs. Spears was unwilling to work at any time of the day which would totally exclude any real possibility of employment until her school year job resumed in September. In Ball there was a claimant with two base period employers who refused an offer of work from one of these employers. The evidence in Ball, however, disclosed that the second base period employer was paying supplemental unemployment benefits and continuing to pay the claimant's life and hospital insurance. The salary to be received on the job offered was less than the amount received from the two benefit payments combined, as well as entailing loss of the insurance benefits. Such a factual situation is not present here. There is no showing here of any other payments being received. The Ball case is not authority to reverse this case.
One final matter must be considered. Mrs. Spears suggests that the Stony Crest Motel should not be considered a "base-period employer". That phrase has a clear definition as set out in Ball v. Review Board at 273 N.E.2d page 871:
"Although the term `base period employer' is used in § 1502 of the Act [XX-X-XX-X] it is defined only by the separate definitions of `base-period' and `employer.' A `base-period' is `the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit period.' § 212 of the Act, Ind. Ann. Stat. § 52-1526k (Burns 1964), I.C. 1971, XX-X-X-XX. The context of § 1502's use of the term clearly indicates that a `base-period employer' is an employing unit subject to the act which has employed an individual during his base-period."
The factual record in this case discloses that the Stony Crest Motel does fit within the above definition. Having failed to demonstrate any reversible error to this court, the decision of the Review Board should be and hereby is affirmed.
Affirmed.
HOFFMAN, C.J., and STATON, J., concur.