**INDIANA STATE BOARD OF HEALTH,**
Appellant (Defendant Below),

v.

**B & H PACKING CO., INC.,** Appellee
(Plaintiff Below).

**No. 2–677A227.**

Court of Appeals of Indiana,
Fourth District.

June 26, 1979.

Theo. L. Sendak, Atty. Gen., Victoria R. Van Duren, Deputy Atty. Gen., Indianapolis, for appellant (defendant below).

Judith S. Proffitt, Carmel, for appellee (plaintiff below).

MILLER, Judge.

Plaintiff-appellee, B & H Packing Company (B & H), a livestock slaughtering establishment, brought this proceeding against the Indiana State Board of Health (Board), the Agency charged with administration of the Indiana Meat and Poultry Inspection and Humane Slaughter Act (Act)[1], in order to compel the Board to furnish it with regular daily inspection service of its slaughtering process. The action by B & H was in response to the Board's restricting inspection to two days a week. The Board now appeals the trial court's judgment granting B & H the relief prayed for.

We affirm.

For several years prior to July 28, 1975 the Board supplied B & H with an inspector on a daily basis as B & H operated five and a half days a week. Under the Act the State inspector must be present in a slaughtering establishment whenever livestock or poultry is slaughtered. However, beginning July 28, 1975 B & H's inspection schedule was reduced by the Board to two days per week with, perhaps, extra time upon request.

At the conclusion of the trial the trial court, after entering special findings of fact and conclusions of law, held "the Plaintiff is entitled to ante-mortem and post-mortem inspection services to the same extent as existed prior to the reduction in July, 1975, or a full five (5) days per week inspection" and the Board was "[o]rdered to provide . . . inspection services outlined in this Decree".

The Board raises the following issues on appeal:

1. IC 16–6–5–1 to 26.

2. "In order to accomplish the objectives stated in section 2(b), the state board or secretary shall:
    (a) by regulations require ante-mortem and post-mortem inspections, quarantine, segregation and reinspections with respect to the slaughter of livestock and poultry and the prep-

1. Did the trial court err in holding that Ind.Admn. Rules and Regs. (16–6–5–4)–A23 (Burns Code Ed.) was not authorized by statute?

2. If this Rule is authorized by statute, did the trial court err in finding the Rule did not apply to B & H?

The Board in its Appellant's Brief contends the Rule in question is generally authorized by IC 16–6–5–4[2] and then directs our attention to a section of the Act, IC 16–6–5–21, and bases its argument solely on the proposition that this section authorizes the regulation.

Rule (16–6–5–4)–A23, held to be void by the trial court, reads:

"Designation of days and hours of operation by officer in charge.—When one inspector is detailed to conduct the work at two or more official establishments where livestock are slaughtered, or where but a small quantity of any product is prepared, the secretary may designate the hours of the day and the days of the week during which such establishments may be operated: Provided, however, That the secretary arrange the schedule of days and hours of operation with the official establishments involved. If, for any reason, an assigned inspector is unable to conduct ante-mortem and post-mortem examinations on the day and hour of a scheduled operation at an official establishment, he shall without delay notify his immediate or area supervisor. It shall be the duty of the supervisor to furnish inspection at the official establishment."

The section of the Act urged by the State as the basis for this Rule reads:

"Slaughter schedules for part time establishments.—In those cases where an establishment does not operate a normal five day work week, the secretary shall aration of livestock products and poultry products at all establishments in this state, except those exempted under section 10 of this act, at which livestock or poultry are slaughtered or livestock products or poultry products are prepared for human food solely for distribution in commerce; * * *"

arrange a schedule of slaughter for each such establishment so that proper and efficient ante-mortem and post-mortem inspection of livestock or poultry is provided in each such establishment. The schedule shall be arranged in conference with the establishments involved." IC 16–6–5–21.

The Board urges that Rule (16–6–5–4)–A23 permits the Board's secretary to restrict inspection days under the conditions and standards set out therein, and, in fact, this is the interpretation given the Rule by the Board and the manner in which it is applied. However we agree with the trial court that the Rule, insofar as it purports to authorize the Board to reduce inspection days is void as the standards therein alter and conflict with the provisions of the Act and, further, violate fundamental due process by reason of vagueness.

Generally, "[a]n administrative body has the undoubted right to adopt rules and regulations designed to enable it to perform its duties and to effectuate the purpose of the law under which it operates, when such authority is delegated to it by legislative enactment." 1 I.L.E. *Adm. Law and Procedure* § 29. On the other hand, it cannot "make rules and regulations which are inconsistent with the provisions of a statute, particularly the statute which it is administering or which created it, and it may not, by its rules and regulations, amend, alter, enlarge, or limit the terms of a legislative enactment. 1 I.L.E. *Adm. Law and Procedure,* § 29, *supra ; Indiana Department of State Revenue v. Colpart Realty* (1952), 231 Ind. 463, 109 N.E.2d 415; *Blue v. Beach* (1900), 155 Ind. 121, 56 N.E. 89; *Renwarz v. Review Board of the Indiana Employment Security Division* (1971), 148 Ind.App. 540, 267 N.E.2d 844; *Mobley v. City of Evansville* (1960), 130 Ind.App. 575, 167 N.E.2d 473; *Indiana Employment Security Division v. Ponder* (1950), 121 Ind.App. 51, 92 N.E.2d 224; *Hill v. Review Board of the Indiana Employment Security Division* (1953), 124 Ind.App. 83, 112 N.E.2d 218; *McCreery v. Ijams* (1945), 115 Ind.App. 631, 59 N.E.2d 133.

In *Blue v. Beach, supra,* our Supreme Court said the following with respect to the rule-making powers of an administrative agency:

"It is true that such rules and by-laws must be reasonable, and boards of health cannot enlarge or vary, by the operation of such rules, the powers conferred upon them by the legislative; and any rule or by-law which is in conflict with the state's organic law, or antagonistic to the general law of the state, or opposed to the fundamental principles of justice, or inconsistent with the powers conferred upon such boards, would be invalid." p. 93 of 56 N.E.

Further, an administrative agency, in adopting a rule, must enumerate therein ascertainable standards sufficient to satisfy requirements of due process. In *Podgor v. Indiana University* (1978), Ind.App., 381 N.E.2d 1274 at p. 1283 these standards were defined as follows:

"In order to satisfy due process, an administrative decision must be in accord with previously stated, ascertainable standards. *Holmes v. New York City Housing Authority* (2nd Cir. 1968), 398 F.2d 262; *Barnes v. Merritt* (5th Cir. 1967), 376 F.2d 8; *Harnett v. Board of Zoning* (D.C.Virgin Islands 1972), 350 F.Supp. 1159. This requirement is to make certain that administrative decisions are fair, orderly and consistent rather than irrational and arbitrary. The standards should be written with sufficient precision to give fair warning as to what the agency will consider in making its decision. *Holmes v. New York City Housing Authority, supra; Barnes v. Merritt, supra; Harnett v. Board of Zoning, supra.* And finally, the standards should be readily available to those having potential contact with the administrative body. *Harnett v. Board of Zoning, supra.*"

On application of the foregoing principles to the Rule in question, we first observe that Section 21 of the Act (IC 16–6–5–21) clearly confers authority on the Board to pass regulations implementing its power to

restrict inspection when a slaughtering establishment "does not operate a normal five (5) day work week." However the Rule purports to permit the Board to exercise this authority not based on a normal five day work week operation but solely on its determination that only a "few" livestock are slaughtered or a "small quantity" of product is prepared. Thus, the standard for restricted inspection has been materially altered by the Rule and an official establishment could be deprived of inspection services when it can satisfy the requirements of the Act but cannot meet the standards of the Rule as interpreted by the Board. Additionally, the Rule uses the language "few" and "small quantity" as critical to the exercise of its discretion. The word "few" is relative, very indefinite and vague, *Indianapolis St. Railway Co. v. Robinson* (1901), 157 Ind. 414, 61 N.E. 936. *See Pittsburgh, Chicago, and St. Louis Railway Co. v. Broderick* (1913), 56 Ind.App. 58, 102 N.E. 887; *Also Black's Law Dictionary*, 750 (4th ed. 1951). It could refer to perhaps three or as many as five hundred depending on the context in which it is used. *Indianapolis St. Railway Co. v. Robinson, supra.* The phase "small quantity" is equally indefinite and vague. Thus the Rule also violates the basic due process rights of B & H and those of its class in that the standards in the Rule are so vague that a slaughtering establishment has no warning as to what the Board might consider when it exercises its alleged right to restrict the days when an inspector is supplied.

We, therefore, conclude that the Rule in question, standing alone and without further explanation or definition of the terms therein, is not authorized by the Act and void for vagueness.

Judgment affirmed.

CHIPMAN, P. J., and YOUNG, J., concur.